IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE GENE JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03740-C (BT) |
| | § | |
| DALLAS COUNTY COURT, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lawrence Gene Jackson, an inmate at the Dallas County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. For the following reasons, the Court should dismiss the amended complaint for want of prosecution under Federal Rule of Civil Procedure 41(b).

I.

When this case was filed on December 29, 2020, Jackson did not pay the filing fee or file a motion to proceed *in forma pauperis* and a six-month certificate of inmate trust account. Therefore, on December 31, 2020, the Court sent Jackson a Notice of Deficiency and Order (ECF No. 4), which informed him, *inter alia*, that he had 30 days to pay the filing fee or file a motion to proceed *in forma pauperis* and a six-month certificate of inmate trust account. The Court also sent Jackson an additional *in forma pauperis* form. The Court warned Jackson that failure to cure the deficiencies within 30 days could result in a recommendation that his complaint be dismissed. On January 25, 2021, the Court received Jackson's motion

1

for leave to proceed *in forma pauperis* (ECF No. 6), but the form did not contain a six-month certificate of inmate trust account. Jackson noted on the form that pages to his form were missing, and he requested an additional form be sent to him. On January 26, 2021, Jackson responded to the Court's Notice of Deficiency and Order by returning the *in forma pauperis* form with writing on it, stating: he is being denied access to the court, the "Sherriff [sic] Department will not comply," and he "Can't Comply." (ECF No. 7 at 1, 4.) On January 27, 2021, the Court sent Jackson a Second Notice of Deficiency and Order (ECF No. 9), which informed him that he had 30 days to pay the filing fee or file a motion to proceed *in forma pauperis* and a six-month certificate of inmate trust account. Again, the Court sent Jackson an additional *in forma pauperis* form. On February 5, 2021, the Court received Jackson's motion (ECF No. 10) for additional time within which to pay his filing fee. On February 9, 2021, the Court granted his motion and gave him an additional thirty days to pay the filing fee. More than thirty days have passed, and although Jackson has made unrelated filings (ECF Nos. 13, 14, 15), he has failed to respond to the Court's order to pay the filing fee or file a proper *in forma pauperis* motion.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Jackson has ignored or refused to comply with several orders to either pay the filing fee or file a proper motion to proceed *in forma pauperis*. This litigation cannot proceed until he cures this deficiency. Accordingly, the amended complaint should be dismissed for failure to comply with a court order.

### III.

The Court should dismiss the amended complaint without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b).

Signed March 11, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).